# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-287V
UNPUBLISHED

| | |
|---|---|
| JUDITH WALTERS, | Chief Special Master Corcoran |
| Petitioner, | Filed: August 20, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Yuri Jelokov, Farrish Johnson Law Office, Mankato, MN, for petitioner.*

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On February 22, 2019, Judith Walters filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left upper extremity injures that resulted from the administration and adverse effects of an influenza (flu) vaccination received on September 20, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 20, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent determined that based on the medical records, Petitioner "satisfied the criteria set forth in the revised Vaccine Injury Table and the Qualifications

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and Aids to Interpretation, which afford petitioners a presumption of causation if onset of SIRVA occurs within forty-eight hours after receipt of a seasonal flu vaccination and there is no apparent alternative cause . . . ." and that Petitioner "experienced the residual effects of her SIRVA for more than six months." *Id.* at 4. Respondent concluded that Petitioner satisfied all legal prerequisites for compensation under the Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master